UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

FILED

2019 FEB 12  P 1: 11

| UNITED STATES OF AMERICA | Criminal Case No.  CR 19   015 WES |
|---|---|
| v. | |
| HAROLD RUSSELL TAUB,<br>Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, Harold Russell Taub, have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which will charge Defendant with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of willful violation of the Federal Election Campaign Act ("FECA") of 1971, in violation of 52 U.S.C. §§ 30104 and 30109. Defendant agrees that Defendant will plead guilty to said Information. Defendant waives any challenge to venue in the District of Rhode Island.

   b. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

   c. Defendant will promptly submit a completed Department of Justice

1

Financial Statement to the Public Integrity Section of the Department of Justice, in a form that the Public Integrity Section provides and as it directs. Defendant agrees that his financial statement and disclosures will be complete, accurate, and truthful. Defendant expressly authorizes the Public Integrity Section to obtain a credit report on him in order to evaluate Defendant's ability to satisfy any financial obligation that may be imposed by the Court.

    d. Defendant further agrees:

        (i) to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past three years, or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to provide and consent to the release of Defendant's tax returns for the previous five years. Defendant further agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1,000 that, within the last three years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

        (ii) to forfeit all interests in any wire fraud-related asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a

2

substitute for property that constitutes the proceeds of Defendant's offense, including but not limited to the following specific property, that is, bank accounts at Citizens Bank:

| Bank Account Number | Account Holder Name | Balance |
|---|---|---|
| 2297-436-9 | Harold Taub | $7,760.99 |
| 2584-093-2 | Harold Taub DBA Harold Taub Keeping Ohio in Republican Control (KOIRC) | $1,320.34 |
| 2480-771-0 | Harold Taub DBA Taub Victory Fund | $67.67 |
| 95-903428 | Harold Taub | $2,023.54 |
| 2699-781-9 | Harold Taub DBA Putting New England First (PNEF) | $1,011.00 |
| 2562-814-3 | Harold Taub DBA Tested and Trusted | $1,259.40 |

Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(iii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this

agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

(v) to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

e. In addition to the other penalties provided by law, the Court must also order Defendant to make restitution pursuant to 18 U.S.C. § 3663A. Defendant understands that restitution must be ordered by the Court to all victims of Defendant's criminal conduct and not merely to those victims included in the counts to which Defendant agrees to plead guilty. It is the parties' intention and understanding that restitution is appropriate and should be ordered for all victims of the two counts of conviction; that is donors to Defendant's two purported political action committees, as charged in the Information. The United States will provide a list of such donors to the Court and U.S. Probation.

4

2. Obligations of the United States. In exchange for Defendant's pleas of guilty:

a. For purposes of determining the offense level, the United States agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the U.S. Sentencing Guidelines (the "guidelines") if Defendant continues to demonstrate acceptance of responsibility through sentencing.

b. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the United States will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the United States to prepare for trial.

c. The United States is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

d. If the Court accepts Defendant's pleas of guilty and Defendant fulfills each of the terms and conditions of this Plea Agreement, the United States agrees that it will not further prosecute Defendant for any crimes based on the offense conduct described in the Information, stated by the United States during Defendant's hearing in which he pleads guilty, or any conduct of Defendant now known to the Public Integrity Section and to law enforcement agents working with the Public Integrity Section on the

present investigation. Nor is this agreement intended to provide any limitation of liability arising out of any acts of violence.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

   a. the loss amount foreseeable to Defendant as a result of his criminal scheme, and the amount of illegal transactions involved in the offense was greater than $550,000 but less than $1,500,000, pursuant to U.S.S.G. § 2B1.1(b)(H); and

   b. the offense involved ten or more victims, pursuant to U.S.S.G. § 2B1.1(b)(2)(A).

5. The United States and Defendant do not agree as to whether the offense involved sophisticated means or whether Defendant intentionally engaged in or caused the conduct constituting sophisticated means, pursuant to U.S.S.G. § 2B1.1(b)(10). The parties will be free to argue for or against the application of U.S.S.G. § 2B1.1(b)(10) at Defendant's sentencing.

6. The United States and Defendant agree that, prior to the application or non-application of U.S.S.G. § 2B1.1(b)(10) as discussed in paragraph 5, and adjustments for

acceptance of responsibility, the adjusted offense level is 23. However, the parties acknowledge that their calculation does not bind the Court, and that the Court will conduct its own, independent calculation of the proper sentencing guidelines.

7. The parties further expect that Defendant has no criminal history points, and therefore his criminal history category will be I.

8. Both the United States and Defendant reserve the right to argue and present evidence on all matters affecting the guidelines calculation.

9. The maximum statutory penalties for the offenses to which Defendant is pleading are:

   a. Count One: 20 years of imprisonment, a fine of $250,000; a term of supervised release of three years; and a mandatory special assessment of $100;

   b. Count Two: five years of imprisonment, a fine of $250,000 a term of supervised release of three years; and a mandatory special assessment of $100.

If imposed consecutively, the maximum penalties for all offenses to which Defendant is pleading guilty are 25 years of imprisonment; a fine of $500,000; and a term of supervised release of six years. The combined mandatory special assessment, as referenced above in subparagraphs (a) and (b), totals $200.

10. Defendant agrees that at the time of sentencing, he will provide a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding

of indigence, will relieve the United States of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

11. Defendant is advised and understands that:

a. The United States has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel, and if necessary have the Court appoint counsel at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

f. Defendant has the right to further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors; and

g. Defendant waives these trial rights if the Court accepts a plea of guilty.

h. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if

Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and Defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

12. The United States reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

13. The United States agrees to recommend a sentence within the advisory guidelines range, as calculated by the court. Defendant agrees that if he intends to seek a sentence outside of the advisory guidelines range, based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a), he will provide to the United States reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the United States at least twenty-one days before sentencing shall be deemed waived.

14. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the recommendations of the United States. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

15. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, including any claim that the statutes to which Defendant pled is unconstitutional or that the conduct admitted as part of the factual basis does not fall within the scope of the statutes, if the sentences imposed by the Court is are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States retains its right to appeal any of the Court's sentencing determinations.

16. This agreement is binding on the United States only if Defendant pleads guilty, fulfills all of Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the United States shall be released from its obligations under the

agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

17. It is further agreed that should any conviction following Defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against Defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. It is Defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

18. This agreement is limited to the Public Integrity Section of the Criminal Division of the U.S. Department of Justice and does not bind any other federal, state, or local prosecutive authorities. Neither this paragraph nor anything else in this agreement is intended to, or does, waive Defendant's rights under the Double Jeopardy clause of the U.S. Constitution.

19. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

20. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

21. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____   2/8/19
HAROLD RUSSELL TAUB           Date
Defendant

_____   2/7/19
ERIC LEVINE                   Date
Counsel for Defendant

ANNALOU TIROL
Acting Chief, Public Integrity Section
Criminal Division, U.S. Department of Justice

_____   2/6/2019
PETER M. NOTHSTEIN            Date
Trial Attorney, Public Integrity Section